9 So.3d 772 (2009)
D.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1157.
District Court of Appeal of Florida, Fourth District.
June 3, 2009.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
D.S., a minor, was charged with robbery, and as a consequence, he was also charged with violating his probation imposed for two prior misdemeanor offenses: second-degree petit theft and battery. D.S. entered a no contest plea to the charges, and the juvenile court adjudicated him delinquent, committing him to a maximum-risk residential program as a serious *773 habitual offender pursuant to section 985.47, Florida Statutes (2008). Although his designation as a serious or habitual offender for the robbery charge was permissible, the juvenile court erred in also applying that designation to the two violation-of-probation charges where the underlying offenses were not enumerated in subsection(1)(a), and were misdemeanors. We reverse D.S.'s violation-of-probation sentences as they run afoul of section 985.47, Florida Statutes (2008), and remand for a new disposition.
In the instant case, the Department of Juvenile Justice recommended assigning D.S. to a high-risk commitment facility, but the juvenile court deliberately disregarded this recommendation, ordering D.S. to a maximum-risk facility. Because we remand for a new disposition, we note that pursuant to our supreme court's recent decision in E.A.R. v. State, 4 So.3d 614 (Fla.2009), a juvenile court must make certain findings on the record in order to deviate from a recommendation of the Department of Juvenile Justice. As to D.S.'s remaining arguments on appeal, we are unpersuaded and affirm.
Reversed in part; affirmed in part.
POLEN and DAMOORGIAN, JJ., concur.