STEVENSON, J.
D.S., a minor, was charged with robbery, and as a consequence, he was also charged with violating his probation imposed for two prior misdemeanor offenses: second-degree petit theft and battery. D.S. entered a no contest plea to the charges, and the juvenile court adjudicated him delinquent, committing him to a maximum-risk residential program as a serious *773 habitual offender pursuant to section 985.47, Florida Statutes (2008). Although his designation as a serious or habitual offender for the robbery charge was permissible, the juvenile court erred in also applying that designation to the two violation-of-probation charges where the underlying offenses were not enumerated in subsection (l)(a), and were misdemeanors. We reverse D.S.’s violation-of-probation sentences as they run afoul of section 985.47, Florida Statutes (2008), and remand for a new disposition.
In the instant case, the Department of Juvenile Justice recommended assigning D.S. to a high-risk commitment facility, but the juvenile court deliberately disregarded this recommendation, ordering D.S. to a maximum-risk facility. Because we remand for a new disposition, we note that pursuant to our supreme court’s recent decision in E.A.R. v. State, 4 So.3d 614 (Fla.2009), a juvenile court must make certain findings on the record in order to deviate from a recommendation of the Department of Juvenile Justice. As to D.S.’s remaining arguments on appeal, we are unpersuaded and affirm.

Reversed in part; affirm,ed in part.

POLEN and DAMOORGIAN, JJ., concur.